# Exhibit A

FILED
11/14/2022 12:00 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2022CH11155
Calendar, 9
20268575

FILED DATE: 11/14/2022 12:00 AM   2022CH11155

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

| | |
|---|---|
| LUCIA NAJERA, SANDRA RODRIGUEZ, and ANGELICA RAMOS, VIRGINIA GONZALEZ individually and on behalf of other persons similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> PLANETART, LLC, <br><br> Defendant. | Case No.: 2022CH11155 <br><br><br> CLASS ACTION COMPLAINT |

Plaintiffs Lucia Najera, Sandra Rodriguez, Angelica Ramos, and Virginia Gonzalez file the following Class Action Complaint against Defendant PlanetArt, LLC:

**NATURE OF THE ACTION**

1.     This is an action by Lucia Najera, Sandra Rodriguez, Angelica Ramos, and Virginia Gonzalez ("Plaintiffs"), individually and on behalf of other persons similarly situated ("class members") to obtain statutory damages and other equitable relief under the Illinois Biometric Information Privacy Act ("BIPA" or "the Act").

2.     Plaintiffs and class members are subject to the unlawful biometric scanning and storage practices of Defendant, PlanetArt, LLC ("Defendant").

3.     As past and present employees of Defendant, Plaintiffs and class members were required to provide it with their personalized biometric indicators and the biometric information derived therefrom ("biometric data"). Specifically, Defendant collects and stores its employees' fingerprints and requires employees to clock-in and clock-out by scanning their fingerprints into a fingerprint-scanning machine.

1

FILED DATE: 11/14/2022 12:00 AM 2022CH11155

4.      Following the capture of their employees' biometric data, Defendant uses this data to compare the future scans of their employees' fingerprints into a punch-clock device. The punch-clock device scans each fingerprint and confirms that the employee punching in to work is who they claim to be. The collection of the punch-clock fingerprint entries is then used to confirm employees' presence.

5.      Plaintiffs and class members have not been notified where their fingerprints are being stored, for how long Defendant will keep the fingerprints, and what might happen to this valuable information.

6.      The State of Illinois recognized the value and importance of preserving people's biometric data when it passed the Illinois Biometric Information Privacy Act.

7.      Unlike other forms of personal identification, such as photo IDs or passwords, fingerprints are immutable aspects of our bodies. This makes them a promising source of future identification-related technology, particularly in our increasingly insecure technological world.

8.      If Defendant insists on collecting and storing their employees' fingerprints, Defendant must comply with the BIPA. This includes (1) notifying employees the practice is taking place; (2) informing employees of how the practice is implemented; (3) obtaining written consent from the employees to collect and store their biometric data; (4) maintaining their employees' biometric data in a sufficiently secure manner; and (5) maintaining a publicly available disclosure of how the biometric data will be handled and destroyed.

9.      Unfortunately for the Plaintiffs and class members, none of these directives were followed. Accordingly, Plaintiffs bring this action individually and on behalf of class members pursuant to obtain statutory damages and injunctive relief for violations of the Illinois Biometric Information Privacy Act, 740 ILCS § 14/1 *et seq.*

FILED DATE: 11/14/2022 12:00 AM   2022CH11155

## JURISDICTION AND VENUE

10.     This Court has jurisdiction over Defendant because Defendant has a base of operations in Illinois and does business extensively in Illinois. Furthermore, Defendant's unlawful conduct arose and was perpetuated while it was located in Illinois.

11.     Venue is proper in this Court because Defendant is doing significant business in Cook County.

## PARTIES

12.     Plaintiffs are individuals subject to the same fingerprint-storing practices as other of Defendant's employees, outlined in further detail below.

13.     Defendant is a foreign, for-profit corporation that is registered to, and doing business in, the state of Illinois.

## FACTUAL ALLEGATIONS

14.     Defendant required certain employees to scan their fingerprints in order to clock in and out at Defendant jobsites.

15.     As part of this process, Defendant recorded and stored certain employees' fingerprint biometrics using fingerprint-scanning computer technology.

16.      As part of this process, Defendant associated employees' biometric data with their personal identifying information, such as name and address.

17.     Thus, Defendant caused the biometric data from employees' fingerprints to be recorded, collected, and stored.

18.     Defendant did not inform in writing either Plaintiffs or class members that their biometric data was being recorded, obtained, collected, and/or stored.

FILED DATE: 11/14/2022 12:00 AM   2022CH11155

19.     Defendant did not inform in writing either Plaintiffs or class members the specific purpose and length of term for which their biometric data would be collected, stored, and/or used.

20.     Defendant did not obtain Plaintiffs' or class members' written consent to record, collect, obtain, and/or store Plaintiffs' and class members' biometric data. Likewise, Defendant never provided Plaintiffs with the requisite statutory disclosures nor an opportunity to prohibit or prevent the collection, storage or use of Plaintiffs' unique biometric identifiers and/or biometric information.

21.     Defendant did not obtain Plaintiffs' or class members' written consent to capture and store Plaintiffs' and class members' biometric data.

22.     Defendant did not disclose to Plaintiffs, class members, or the public its written retention schedule and guidelines for permanently destroying employee biometric data.

23.     Defendant did not disclose to Plaintiffs or class members, in writing, of the specific purpose and length of term for which it was collecting, storing, and/or using class members' biometric data.

24.     Defendant did not disclose to Plaintiffs the identities of any third parties with whom Defendant was directly or indirectly sharing, disclosing, or otherwise disseminating class members' biometric data.

25.     Upon information and belief, Defendant is storing its data in a manner less secure than it stores other similarly sensitive data. Upon information and belief, Defendant stores its employees' social security numbers (along with similar personal data) and confidential business records on personal computer systems with demonstrably more security than their fingerprint scanning machines possess. In addition to higher cyber security, Defendant's personal computer

FILED DATE: 11/14/2022 12:00 AM   2022CH11155

systems are in secure physical locations not as easily accessible to third-parties and Defendant's employees.

## CLASS ACTION ALLEGATIONS

26.     Plaintiffs seek to certify a class action pursuant to 735 ILCS § 5/2-801 on behalf of the following class:

> *"All individuals whose biometric data Defendant collected or stored in Illinois."*

27.     Class treatment in this case is appropriate because:

(a) Pursuant to 735 ILCS 5/2-801 (1), the number of persons within the class is substantial, believed to amount to hundreds of persons. It is, therefore, impractical to join each member of the class as a named plaintiff. Further, the size and relatively modest value of the claims of the individual members of the class renders joinder impractical. Accordingly, utilization of the class action mechanism is the most economically feasible means of determining and adjudicating the merits of this litigation. Moreover, the class is ascertainable and identifiable from Defendant's records.

(b) There are questions of fact or law common to the class, which common questions predominate over any questions affecting only individual members; these common questions of law and fact include, without limitation:

      i.   whether Defendant properly informed Plaintiffs and the Class that it collected, used, and stored their biometric identifiers and/or biometric information;

FILED DATE: 11/14/2022 12:00 AM   2022CH11155

ii. whether Defendant obtained a written release (as defined in 740 ILCS 1410) to collect, use, and store Plaintiffs' and the Class' biometric identifiers and/or biometric information;

iii. whether Defendant developed a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of their last interaction, whichever occurs first;

iv. whether Defendant used Plaintiffs' and the Class' biometric identifiers and/or biometric information to identify them;

v. whether Defendant destroyed Plaintiffs' and the Class' biometric identifiers and/or biometric information once that information was no longer needed for the purpose for which it was originally collected; and

vi. whether Defendant's violations of BIPA were committed intentionally, recklessly, or negligently.

(c) Given the nature of the employer-employment relationship, and the fact that Defendant's employees will likely risk their jobs and/or livelihoods to enforce their rights under the BIPA, members of the class will be reluctant to bring forth claims for unpaid wages and notices violations for fear of retaliation;

(d) The class representative, class members and Defendant have a commonality of interest in the subject matter and remedies sought and the Plaintiffs are able to fairly and adequately represent the interest of the class. If individual actions

FILED DATE: 11/14/2022 12:00 AM   2022CH11155

were required to be brought by each member of the class injured or affected, the result would be a multiplicity of actions creating a hardship on the class members, the Defendant and the Court. Plaintiffs have retained and are represented by qualified and competent counsel who are highly experienced in complex consumer class action litigation. Plaintiffs and Plaintiffs' counsel are committed to vigorously prosecuting this class action. Moreover, Plaintiffs are able to fairly and adequately represent and protect the interests of such a Class. Neither Plaintiffs nor Plaintiffs' counsel have any interest adverse to, or in conflict with, the interests of the absent members of the Class.

(e)  The class action provides a superior method for fairly and efficiently adjudicating this controversy because many class members cannot feasibly vindicate their rights by individual suit because the value of their recoveries are outweighed by the burden and expense of litigating against the corporate Defendant. Even if every member of the Class could afford to pursue individual litigation, the Court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous cases would proceed. Individualized litigation would also present the potential for varying, inconsistent or contradictory judgments, and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same factual issues. By contrast, the maintenance of this action as a class action, with respect to some or all of the issues presented herein, presents few management difficulties, conserves the resources of the parties and of the court system and protects the rights of each member of the Class. Plaintiffs anticipate

FILED DATE: 11/14/2022 12:00 AM   2022CH11155

no difficulty in the management of this action as a class action. Class-wide relief is essential to compliance with BIPA.

28.    Therefore, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit.

## <u>COUNT I</u>
## <u>VIOLATIONS OF ILLINOIS BIOMETRIC INFORMATION PRIVACY ACT</u>
(Damages)

29.    Plaintiffs incorporate by reference each of the preceding allegations as though fully set forth herein.

30.    Defendant recorded, collected, and stored Plaintiffs' and class members' biometric identifiers and biometric information as defined by 740 ILCS § 14/10 of the Act. Every instance of Defendant collecting, capturing, storing, and/or sharing Plaintiffs' and class members' biometrics identifiers and biometric information constitutes a violation of the Act.

31.    Defendant violated Section 14/15(a) of the Act by failing to develop and/or make public its written retention schedule or guidelines for permanently destroying biometric identifiers and biometric information as specified by BIPA.

32.    Defendant violated Section 14/15(b) of the Act by collecting, capturing, obtaining and storing Plaintiffs' and class members' biometric identifiers and/or information without informing them in writing and obtaining a written release, that:

(a) The biometric data was being recorded, obtained, collected, or stored; and

(b) The specific purpose and length of term for which the biometric data was being collected, captured, obtained, and/or stored.

33.    Defendant violated 14/15(e) of the Act by failing to store class members biometric data using the reasonable standard of care within its industry and/or in a manner that is the same

FILED DATE: 11/14/2022 12:00 AM   2022CH11155

as or more protective than the manner in which the private entity stores, transmits, and protects other confidential and sensitive information.

34.     Defendant's conduct is at best negligent and at worst reckless.

35.     Accordingly, Defendant is liable to Plaintiffs and class members in the amount of statutory damages or actual damages, whichever is greater. 740 ILCS § 14/20(1).

## PRAYER FOR RELIEF

Plaintiffs ask the court to enter judgment in their favor against Defendant and issue an order:

a.  Certifying this case as a class action, naming Plaintiffs as class representatives and Plaintiffs' counsel as class counsel;

b.  Declaring that Defendant has violated the Illinois Biometric Information Privacy Act, and enter a judgment in favor of Plaintiffs and the class;

c.  Awarding statutory damages of $5,000 for each willful or reckless violation of the Act, $1,000 for each negligent violation of the Act;

d.  Awarding reasonable attorneys' fees and costs of this action;

e.  Awarding pre-judgment and post-judgment interest on all monetary amounts awarded in this action; and

f.  Awarding such other general and equitable relief as this Court deems equitable and just.

## COUNT II
## VIOLATIONS OF ILLINOIS BIOMETRIC INFORMATION PRIVACY ACT
(Injunctive Relief)

36.     Plaintiffs incorporate by reference each of the preceding allegations as though fully set forth herein.

37.     The Act provides for injunctive relief. 740 ILCS § 14/20(4).

38.     Plaintiffs and class members are entitled to an order requiring Defendant to make disclosures consistent with the Act and enjoining further unlawful conduct.

FILED DATE: 11/14/2022 12:00 AM   2022CH11155

39.     Plaintiffs seek an order requiring Defendant to publicly disclose a written policy establishing the specific purpose and length of term for which class members' biometric data has been collected, stored, and used. Additionally, Plaintiff seeks a disclosure from Defendant relative to its policy of permanently destroying class members' biometric data. 740 ILCS § 14/15(a).

40.     Plaintiffs seek an order requiring Defendant to disclose whether Defendant retained their or any other class members' biometrics, and, if so, when and how such biometrics were permanently destroyed.

41.     Plaintiffs seek an order requiring Defendant to disclose to whom it has disseminated, sold, or transferred Plaintiffs' and class members' biometric data.

42.     Plaintiffs seek an order requiring Defendant to disclose the standard of care that it employed to store, transmit, and protect class members biometrics.

43.     Plaintiffs seek an order enjoining Defendant from future violations of the Act.

44.     Plaintiffs and class members do not know what Defendant has done (or intends to do) with their biometric data. Injunctive relief is necessary to afford Plaintiffs and class members the safety and peace of mind envisioned by the passage of the Act.

## PRAYER FOR RELIEF

Plaintiffs ask the court to enter judgment in their favor against Defendant and issue an order:

a.  Certifying this case as a class action, naming Plaintiffs as class representatives and their counsel as class counsel;

b.  Declaring that Defendant has violated the Illinois Biometric Information Privacy Act, and enter a judgment in favor of Plaintiffs and the class;

c.  Awarding injunctive and equitable relief as necessary to protect the interests of the Plaintiffs and the class;

d.  Awarding reasonable attorneys' fees and costs of this action;

FILED DATE: 11/14/2022 12:00 AM   2022CH11155

e.  Awarding such other general and equitable relief as this Court deems equitable and just.

**Respectfully Submitted,**

*/s/ William H. Beaumont*

Roberto Luis Costales (#6329085)
William H. Beaumont (#6323256)
BEAUMONT COSTALES LLC
107 W. Van Buren, Suite 209
Chicago, IL 60605
Telephone: (773) 831-8000
rlc@beaumontcostales.com
whb@beaumontcostales.com
*Attorneys for Plaintiffs*

FILED
11/14/2022 12:00 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2022CH11155
Calendar, 9
20268575

FILED DATE: 11/14/2022 12:00 AM   2022CH11155

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

LUCIA NAJERA, SANDRA RODRIGUEZ, and ANGELICA RAMOS, VIRGINIA GONZALEZ individually and on behalf of other persons similarly situated,

        Plaintiffs,

v.

PLANETART, LLC,

        Defendant.

Case No.:  **2022CH11155**

CLASS ACTION COMPLAINT

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that this civil action seeks in excess of $50,000 on behalf of the Plaintiff and the proposed Class.

Dated: November 11, 2022

*/s/ William H. Beaumont*

Roberto Luis Costales (#6329085)
William H. Beaumont (#6323256)
BEAUMONT COSTALES LLC
107 W. Van Buren, Suite 209
Chicago, IL 60605
Telephone: (773) 831-8000
rlc@beaumontcostales.com
whb@beaumontcostales.com
*Attorneys for Plaintiff*

1

FILED DATE: 11/14/2022 12:00 AM   2022CH11155

| STATE OF ILLINOIS, CIRCUIT COURT | SUMMONS | For Court Use Only |
|---|---|---|

**STATE OF ILLINOIS, CIRCUIT COURT**

Cook ▼ **COUNTY**

**SUMMONS**

*For Court Use Only*

FILED
11/14/2022 12:00 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2022CH11155
Calendar, 9
20268575

**Instructions** ▼

Enter above the county name where the case was filed.

Enter your name as Plaintiff/Petitioner.

Enter the names of all people you are suing as Defendants/Respondents.

Enter the Case Number given by the Circuit Clerk.

Lucia Najera, Sandra Rodriguez, Angelica Ramos, Virginia Gonzalez

**Plaintiff / Petitioner** *(First, middle, last name)*

Hearing Date: 3/14/2023 9:30 AM
Location: Court Room 2008
v.    Judge: Calendar, 9

PlanetArt LLC

**Defendant / Respondent** *(First, middle, last name)*

☐ **Alias Summons** *(Check this box if this is not the 1st Summons issued for this Defendant.)*

**2022CH11155**

**Case Number**

**IMPORTANT INFORMATION:**

There may be court fees to start or respond to a case. If you are unable to pay your court fees, you can apply for a fee waiver. You can find the fee waiver application at: illinoiscourts.gov/documents-and-forms/approved-forms/.

E-filing is now mandatory with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit illinoiscourts.gov/faq/gethelp.asp or talk with your local circuit clerk's office. If you cannot e-file, you may be able to get an exemption that allows you to file in-person or by mail. Ask your circuit clerk for more information or visit illinoislegalaid.org.

Call or text Illinois Court Help at 833-411-1121 for information about how to go to court including how to fill out and file forms. You can also get free legal information and legal referrals at illinoislegalaid.org.

**Plaintiff/Petitioner:**

Do not use this form in an eviction, small claims, detinue, divorce, or replevin case. Use the *Eviction Summons, Small Claims Summons, or Summons Petition for Dissolution of Marriage / Civil Union* available at illinoiscourts.gov/documents-and-forms/approved-forms. If your case is a detinue or replevin, visit illinoislegalaid.org for help.

If you are suing more than 1 Defendant/Respondent, fill out a *Summons* form for each Defendant/Respondent.

In **1a**, enter the name and address of a Defendant/Respondent. If you are serving a Registered Agent, include the Registered Agent's name and address here.

**1.    Defendant/Respondent's address and service information:**

a.    Defendant/Respondent's primary address/information for service:

Name *(First, Middle, Last)*:   PlanetArt LLC

Registered Agent's name, if any:   ILLINOIS CORPORATION SERVICE COMPANY

Street Address, Unit #:   801 ADLAI STEVENSON DRIVE

City, State, ZIP:   SPRINGFIELD , IL 62703

Telephone:                     Email:

In **1b**, enter a second address for Defendant/Respondent, if you have one.

b.    If you have more than one address where Defendant/Respondent might be found, list that here:

Name *(First, Middle, Last)*:

Street Address, Unit #:

City, State, ZIP:

Telephone:                     Email:

In **1c**, check how you are sending your documents to Defendant/Respondent.

c.    Method of service on Defendant/Respondent:

☐ Sheriff              ☐ Sheriff outside Illinois:  _____
                                                    *County & State*

☐ Special process server      ☐ Licensed private detective

FILED DATE: 11/14/2022 12:00 AM   2022CH11155

| | |
|---|---|
| In **2**, enter the amount of money owed to you. | **2.** **Information about the lawsuit:**<br>Amount claimed: $ _more than $50k_ |
| In **3**, enter your complete address, telephone number, and email address, if you have one. | **3.** **Contact information for the Plaintiff/Petitioner:**<br>Name *(First, Middle, Last)*: William Beaumont<br>Street Address, Unit #: 107 W. Van Buren Suite 209<br>City, State, ZIP: Chicago, Illinois 60605<br>Telephone: 773-831-8000   Email: whb@beaumontcostales.com |

**GETTING COURT DOCUMENTS BY EMAIL:** You should use an email account that you do not share with anyone else and that you check every day. If you do not check your email every day, you may miss important information, notice of court dates, or documents from other parties.

| **Important information for the person getting this form** | You have been sued. Read all of the documents attached to this *Summons*.<br>To participate in the case, you must follow the instructions listed below. If you do not, the court may decide the case without hearing from you and you could lose the case. *Appearance* and *Answer/Response* forms can be found at: illinoiscourts.gov/documents-and-forms/approved-forms/. |
|---|---|

| | |
|---|---|
| Check **4a** or **4b**. If Defendant/Respondent only needs to file an *Appearance* and *Answer/Response* within 30 days, check box **4a**. Otherwise, if the clerk gives you a court date, check box **4b**. | **4.** **Instructions for person receiving this *Summons* (Defendant):**<br>☑ a.  To respond to this *Summons,* you must file *Appearance* and *Answer/Response* forms with the court within 30 days after you have been served (*not counting the day of service*) by e-filing or at:<br>Address: 50 W. Washington Street<br>City, State, ZIP: Chicago, Illinois 60602 |
| In **4a**, fill out the address of the court building where the Defendant may file or e-file their *Appearance* and *Answer/ Response*. | ☐ b.  Attend court:<br>On: _____ at _____ ☐ a.m. ☐ p.m. in _____<br>*Date*      *Time*      *Courtroom*<br>**In-person at:**<br>_____<br>*Courthouse Address*   *City*      *State*   *ZIP* |
| In **4b**, fill out:<br>•The court date and time the clerk gave you.<br>•The courtroom and address of the court building.<br>•The call-in or video information for remote appearances (if applicable).<br>•The clerk's phone number and website. All of this information is available from the Circuit Clerk. | OR<br>**Remotely** (You may be able to attend this court date by phone or video conference. This is called a "Remote Appearance"):<br>By telephone: _____<br>*Call-in number for telephone remote appearance*<br>By video conference: _____<br>*Video conference website*<br>_____<br>*Video conference log-in information (meeting ID, password, etc.)*<br>Call the Circuit Clerk at: _____ or visit their website<br>*Circuit Clerk's phone number*<br>at: _____ to find out more about how to do this.<br>*Website* |

11/14/2022 12:00 AM IRIS Y. MARTINEZ

| | |
|---|---|
| **STOP!** The Circuit Clerk will fill in this section. | **Witness this Date:** _____<br><br>**Clerk of the Court:** _____ |
| **STOP!** The officer or process server will fill in the Date of Service. | **This *Summons* must be served within 30 days of the witness date.**<br>Date of Service: _____<br>*(Date to be entered by an officer or process server on the copy of this Summons left with the Defendant or other person.)* |



FILED DATE: 11/14/2022 12:00 AM   2022CH11155

| STATE OF ILLINOIS, CIRCUIT COURT | **PROOF OF SERVICE OF SUMMONS AND COMPLAINT/PETITION** | *For Court Use Only* |
|---|---|---|

Cook ▼ COUNTY

*For Court Use Only*

FILED
11/14/2022 12:00 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2022CH11155
Calendar, 9

| **Instructions** | |
|---|---|
| Enter above the county name where the case was filed. | Lucia Najera, Sandra Rodriguez, Angelica Ramos, Virginia Gonzalez |
| | **Plaintiff / Petitioner** *(First, middle, last name)* |
| Enter your name as Plaintiff/Petitioner. | |
| Enter the names of all people you are suing as Defendants/ Respondents. | v. |
| | PlanetArt LLC |
| | **Defendant / Respondent** *(First, middle, last name)* |
| Enter the Case Number given by the Circuit Clerk. | ☐ **Alias Summons** *(Check this box if this is not the 1st Summons issued for this Defendant.)* |

**2022CH11155**

**Case Number**

**\*\*Stop. Do not complete the form. The sheriff or special process server will fill in the form.\*\***

**My name is** _____ **and I state**
　　　　　　　*First, Middle, Last*

☐ **I served the** *Summons* **and Complaint/Petition on the Defendant/Respondent**

_____ **as follows:**
*First, Middle, Last*

　　☐　Personally on the Defendant/Respondent:
　　　　Male ☐　Female ☐　Non-Binary ☐　Approx. Age: _____ Race: _____
　　　　On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
　　　　Address, Unit#: _____
　　　　City, State, ZIP: _____

　　☐　On someone else at the Defendant/Respondent's home who is at least 13 years old and is a family
　　　　member or lives there:
　　　　On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
　　　　Address, Unit#: _____
　　　　City, State, ZIP: _____
　　　　And left it with: _____
　　　　　　　　　　　　　*First, Middle, Last*
　　　　Male ☐　Female ☐　Non-Binary ☐　Approx. Age: _____ Race: _____
　　　　and by sending a copy to this defendant in a postage-paid, sealed envelope to the
　　　　above address on _____ , 20 _____ .

　　☐　On the Corporation's agent, _____
　　　　　　　　　　　　　　　　　　*First, Middle, Last*
　　　　Male ☐　Female ☐　Non-Binary ☐　Approx. Age: _____ Race: _____
　　　　On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
　　　　Address: _____
　　　　City, State, ZIP: _____

☐ **I was not able to serve the *Summons* and Complaint/Petition on Defendant/Respondent:**

_____

*First, Middle, Last*

I made the following attempts to serve the *Summons* and Complaint/Petition on the Defendant/Respondent:

1.     On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
        Address: _____
        City, State, ZIP: _____
        Other information about service attempt: _____
        _____
        _____
        _____

2.     On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
        Address: _____
        City, State, ZIP: _____
        Other information about service attempt: _____
        _____
        _____
        _____

3.     On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
        Address: _____
        City, State, ZIP: _____
        Other information about service attempt: _____
        _____
        _____
        _____

FILED DATE: 11/14/2022 12:00 AM    2022CH11155

| **DO NOT** complete this section. The sheriff or private process server will complete it. |
| --- |

**If you are a special process server, sheriff outside Illinois, or licensed private detective, your signature certifies that everything on the *Proof of Service of Summons* is true and correct to the best of your knowledge. You understand that making a false statement on this form could be perjury.**

| Under the Code of Civil Procedure, 735 ILCS 5/1-109, making a statement on this form that you know to be false is perjury, a Class 3 Felony. |
| --- |

**By:** _____

*Signature by:* ☐ Sheriff
            ☐ Sheriff outside Illinois:

            _____
            *County and State*
            ☐ Special process server
            ☐ Licensed private detective

**FEES**

Service and Return:   $ _____
Miles _____   $ _____
Total           $ 0.00

_____
*Print Name*

If *Summons* is served by licensed private detective or private detective agency:
License Number: _____

**Print Form**          **Save Form**          **Reset Form**

FILED
11/16/2022 12:29 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2022CH11155
Calendar, 9
20327317

Hearing Date: No hearing scheduled
Location: <<CourtRoomNumber>>
Judge: Calendar, 9

FILED DATE: 11/16/2022 12:29 PM  2022CH11155

# IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

LUCIA NAJERA, SANDRA RODRIGUEZ, ANGELICA RAMOS, and VIRGINIA GONZALEZ, individually and on behalf of other persons similarly situated,

**Plaintiffs,**

v.

PLANETART, LLC,

**Defendant.**

**Case No.: 2022CH11155**

CALENDAR 9

## NOTICE OF MOTION

TO:     All Attorneys of Record

PLEASE TAKE NOTICE that on March 14, 2023 at 9:30 a.m., we shall appear before the Circuit Court of Cook County, Chancery Division, Room 2008, and present Plaintiff's Motion for Class Certification, a copy of which was filed into the record on November 16, 2022.

Dated: November 16, 2022

*Respectfully submitted,*

*/s/ William H. Beaumont*
_____
Roberto Luis Costales (#6329085)
William H. Beaumont (#6323256)
BEAUMONT COSTALES LLC
107 W. Van Buren, Suite 209
Chicago, IL 60605
Telephone: (773) 831-8000
rlc@beaumontcostales.com
whb@beaumontcostales.com
*Attorneys for Plaintiff*

1

FILED DATE: 11/16/2022 12:29 PM   2022CH11155

## <u>CERTIFICATE OF SERVICE</u>

I, an attorney, hereby certify that on November 16, 2022 a true and correct copy of the foregoing was electronically filed via this Court's electronic filing system and will send such filing to all attorneys of record.

*/s/ William H. Beaumont*

FILED DATE: 11/16/2022 12:29 PM   2022CH11155

FILED
11/16/2022 12:29 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2022CH11155
Calendar, 9
20327317

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

| | |
|---|---|
| LUCIA NAJERA, SANDRA RODRIGUEZ, ANGELICA RAMOS, and VIRGINIA GONZALEZ, individually and on behalf of other persons similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PLANETART, LLC,<br><br>Defendant. | Case No.: 2022CH11155<br><br><br>CALENDAR 9 |

## PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

Plaintiffs by and through undersigned counsel and pursuant to 735 ILCS 5/2-801, move for entry of an order certifying the Class proposed below, appointing Plaintiffs as Class Representatives, and appointing Plaintiffs' attorneys as Class Counsel. Alternatively, Plaintiffs request, to the extent the Court determines further evidence is necessary to prove any element of 735 ILCS 5/2-801, that the Court defer consideration of this Motion pending a reasonable period to complete discovery. *See, e.g., Ballard RN Center, Inc. v. Kohll's Pharmacy & Homecare, Inc.,* 2015 IL 118644, at ¶¶ 42-43. In support of this Motion, Plaintiffs submit the following Memorandum of Law.

Dated: November 16, 2022

*Respectfully submitted,*
*/s/ William H. Beaumont*
Roberto Luis Costales (#6329085)
William H. Beaumont (#6323256)
BEAUMONT COSTALES LLC
107 W. Van Buren, Suite 209
Chicago, IL 60605
Telephone: (773) 831-8000
whb@beaumontcostales.com
*Attorneys for Plaintiff*

FILED DATE: 11/16/2022 12:29 PM   2022CH11155

### MEMORANDUM OF LAW IN SUPPORT OF
### PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

This Court should certify a class of Illinois residents whose biometric identifiers and biometric information were captured, collected, stored, and used by Defendant.Defendant captured, collected, stored, and used its employees' biometric information and identifiers to track their time at work. And in so doing, the Defendant violated Illinois Law by obtaining, storing, and using this data without the employees' informed and written consent, and by failing to provide the employees with the requisite data retention and destruction policies explaining how and when such biometric information will be used, stored, and destroyed. Defendant's conduct was in violation of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* ("BIPA").

After Plaintiffs learned of Defendant's wrongful conduct, Plaintiffs commenced suit on behalf of a class of similarly situated individuals in order to bring an end to the Defendant's capture, collection, storage and use of biometric identifiers and/or biometric information in violation of BIPA and to obtain redress for all persons injured by its conduct.

## I.      THE ILLINOIS BIOMETRIC INFORMATION PRIVACY ACT

BIPA is designed to protect individuals' personal biometric information. Under BIPA, biometric identifiers include fingerprints, handprints and vocal identifiers; while biometric information can be defined as any information based on a biometric identifier, regardless of how it is converted or stored. Compl., ¶ 6-8.

Recognizing the importance of the security of individuals' biometrics, the Illinois Legislature enacted BIPA, which provides, *inter alia,* that private entities, such as Defendant, may not obtain and/or possess an individual's biometrics unless they: (1) inform that person in writing

FILED DATE: 11/16/2022 12:29 PM   2022CH11155

that biometric identifiers or information will be captured, collected, stored, or used; (2) inform that person in writing of the specific purpose and the length of term for which such biometric identifiers or biometric information is being captured, collected, stored, and used; (3) receive a written release from the person for the collection of his or his biometric identifiers and/or information; (4) maintain the biometric data in a sufficiently secure manner; and (5) publicly publish and make available a written retention schedule and guidelines for permanently destroying biometric identifiers and biometric information. 740 ILCS 14/15.

## II.    FACTUAL BACKGROUND

### A.    The Underlying Misconduct.

Defendant has taken the biometrics of hundreds, if not thousands, of individuals within the state of Illinois. Compl., ¶ 27(a). During the relevant time period in the State of Illinois, Defendant implemented collected biometric information from individuals, including Plaintiffs. *Id.* at ¶¶ 1-5. Each fingerprint extracted by the Defendant is biologically unique to the particular individual. *Id.* at ¶ 7. Defendant captured, collected, and stored Plaintiffs' and other Class members' biometrics. *Id.* at ¶ 17. However, Defendant failed to obtain informed written consent from Class members, including Plaintiffs, before capturing and collecting their biometric information. *Id.* at ¶¶ 18-25. Defendant failed to provide individuals, including Plaintiffs, with a retention schedule and deletion policies detailing how and when Defendant would retain and destroy individuals' biometric information and/or biometric identifiers. *Id.*

Defendant does not have a policy of informing individuals, including Plaintiffs, of what happens to their biometric information after it is collected and obtained, whether they still retain their biometrics, and if they do, for how long they intend to retain such information without their consent, whether the information is transmitted to a third party and, if so, which third party. *Id.*

Thus, despite their practice of taking biometric information, Defendant failed to comply with BIPA's statutory requirements regarding the collection of biometric identifiers and biometric information.

### B. The Proposed Class

Plaintiffs bring this action on behalf of themselves and similarly situated individuals pursuant to 73 5 ILCS § 5/2-801. Plaintiffs seek to represent a Class defined as follows: All individuals whose biometric data Defendant collected or stored in Illinois. Compl., ¶ 26. As explained below, the proposed Class satisfies each of the four requirements for certification under Section 2-801 of the Illinois Code of Civil Procedure: numerosity, commonality, adequacy of representation, and fair and efficient adjudication. A class action is not only appropriate here, it is also the only way that the members of the putative Class can obtain appropriate redress for Defendant's unlawful conduct.

### III. <u>ARGUMENT</u>

### A. Legal Standard for Class Certification

To obtain class certification, a plaintiff does not need to establish that they will prevail on the merits of the action. *Eisen v. Carlisle & Jacquelin,* 417 U.S. 156, 178 (1974) ("[T]he question is not whether the plaintiff or plaintiffs have stated a cause of action or will prevail on the merits, but rather whether the requirements of Rule 23 are met." (internal quotation marks and citation omitted)). In determining whether to certify a proposed class, the Court should accept the allegations of the complaint as true. *Ramirez v. Midway Moving & Storage, Inc.,* 378 Ill. App. 3d 51, 53 (1st Dist. 2007).

FILED DATE: 11/16/2022 12:29 PM    2022CH11155

To proceed with a class action, the movant must satisfy the "prerequisites for the maintenance of a class action" set forth in Section 2-801 of the Illinois Code of Civil Procedure, which provides:

> An action may be maintained as a class action in any court of this State and a
> party may sue or be sued as a representative party of the class only if the court
> finds:
>
> (1)    The class is so numerous that joinder of all members is
>        impracticable.
>
> (2)    There are questions of fact or law common to the class, which
>        common questions predominate over any questions affecting only
>        individual members.
>
> (3)    The representative parties will fairly and adequately protect the
>        interest of the class.
>
> (4)    The class action is an appropriate method for the fair and efficient
>        adjudication of the controversy.

735 ILCS 5/2-801. As demonstrated below, each prerequisite is established for the maintenance of a class action, and the Court should therefore certify the proposed Class.

Section 2-801 is modeled after Rule 23 of the Federal Rules of Civil Procedure and "federal decisions interpreting Rule 23 are persuasive authority with regard to questions of class certification in Illinois." *Avery v. State Farm Mut. Auto. Ins. Co.,* 216 Ill. 2d 100, 125 (Ill. 2005). Circuit courts have broad discretion in determining whether a proposed class meets the requirement for class certification and ought to err in favor of maintaining class certification. *Ramirez,* 378 Ill. App. 3d at 53. While a court may rule on class certification without requiring

FILED DATE: 11/16/2022 12:29 PM    2022CH11155

further discovery, *see* Manual for Complex Litigation (Fourth) § 21.14, at 255 (2004), courts have found that discovery is helpful prior to addressing a motion for class certification. *See, e.g., Ballard RN Center, Inc. v. Kohll's Pharmacy & Homecare, Inc.,* 2015 IL 118644, at ¶ 42 ("If the parties have yet to fully develop the facts needed for certification, then they can also ask the district court to delay its ruling to provide time for additional discovery or investigation.") (quoting *Damasco v. Clearwire Corp.,* 662 F.3d 891, 896 (7th Cir. 2011)).

All the prerequisites for class certification are satisfied here, even though Plaintiff has not yet had an opportunity to engage in and complete discovery. However, in the interests of establishing a more fully developed record before ruling on class certification issues, the Court should defer ruling on this Motion pending the completion of discovery and submission of supplemental briefing.

### B.    The Numerosity Requirement is Satisfied

The first step in certifying a class is a showing that "the class is so numerous that joinder of all members is impracticable." 735 ILCS 5/2-801(1). This requirement is met when "join[ing] such a large number of plaintiffs in a single suit would render the suit unmanageable and, in contrast, multiple separate claims would be an imposition on the litigants and the courts." *Gordon v. Boden,* 224 Ill. App. 3d 195, 200 (1st Dist. 1991) (citing *Steinberg v. Chicago Med. Sch.,* 69 Ill.2d 320, 337 (Ill. 1977)). To satisfy this requirement a plaintiff need not demonstrate the exact number of class members but, must offer a good faith estimate as to the size of the class. *Smith v. Nike Retail Servs., Inc.,* 234 F.R.D. 648, 659 (N.D. Ill. 2006).

Plaintiffs allege that there are at least several hundred members of the Class. Compl., ¶ 27. Because definitive evidence of numerosity can only come from the records of Defendant and its agents, it is proper to rely upon the allegations of the Complaint in certifying the Class. *See* 2 A.

Conte & H. Newberg, Newberg on Class Actions § 7.20, at 66 (stating that where numerosity information is in the sole possession of the party opposing the class, courts generally rely on the complaint as prima facie evidence or defer ruling). Additionally, the members of the putative Class can be easily and objectively determined from Defendant's records.

Furthermore, it would be completely impracticable to join the claims of the members of the Class, because they are disbursed throughout Illinois, and because absent a class action, few members could afford to bring an individual lawsuit over the amounts at issue in this case, since each individual member's claim is relatively small. *See Gordon,* 224 Ill. App. 3d at 200. Accordingly, the first prerequisite for class certification is met.

### C.      Common Questions of Law and Fact Predominate

The second requirement of Section 2-801 (2) is met where there are "questions of fact or law common to the class" and those questions "predominate over any questions affecting only individual members." 735 ILCS 5/2-801(2). Such common questions of law or fact exist when the members of the proposed class have been aggrieved by the same or similar misconduct. *See Miner v. Gillette Co.,* 87 111.2d 7, 19 (Ill. 1981); *Steinberg,* 69 Ill.2d at 342. These common questions must also predominate over any issues affecting individual class members. *See O-Kay Shoes, Inc. v. Rosewell,* 129 Ill. App. 3d 405, 408 (1st Dist. 1984).

Here, the claims of the Class members arise out of the same activity by Defendant, are based on the same legal theory, and implicate, among others, the following common issues: whether Defendant collected or otherwise obtained Plaintiffs' and the Class' biometric identifiers or biometric information; whether Defendant properly informed Plaintiffs and the Class that it collected, used, and stored their biometric identifiers or biometric information; whether Defendant obtained a written release (as defined in 740 ILCS 1410) to collect, use, and store Plaintiffs' and

FILED DATE: 11/16/2022 12:29 PM   2022CH11155

the Class' biometric identifiers or biometric information; whether Defendant developed a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of their last interaction, whichever occurs first; whether Defendant used Plaintiffs' and the Class' biometric identifiers or biometric information to identify them; and whether Defendant's violations of the BIPA were committed intentionally, recklessly, or negligently. Compl., ¶ 27(b).

As alleged, and as will be shown through obtainable evidence, Defendant engaged in a common course of conduct by collecting, capturing, storing and/or or using the biometrics of Class members without retaining a written release and without providing a retention schedule to them or to the public. Any potential individualized issues remaining after common issues are decided would be *de minimis.* Accordingly, common issues of fact and law predominate over any individual issues, and Plaintiffs have satisfied this hurdle to certification.

**D.      The Adequate Representation Requirement is Satisfied.**

The third prong of Section 2-801 requires that "[t]he representative parties will fairly and adequately protect the interest of the class." 735 ILCS 5/2-801(3). The class representative's interests must be generally aligned with those of the class members, and class counsel must be "qualified, experienced and generally able to conduct the proposed litigation." *See Miner,* 87 Ill.2d at 14; *see also Eshaghi v. Hanley Dawson Cadillac Co., Inc.,* 214 Ill. App. 3d 995, 1000 (1st Dist. 1991 ). The purpose of this adequacy of representation requirement is "to insure that all Class members will receive proper, efficient, and appropriate protection of their interests in the presentation of the claim." *Purcell & Wardrope Chtd. v. Hertz Corp.,* 175 Ill. App. 3d 1069, 1078 (1st Dist. 1988).

FILED DATE: 11/16/2022 12:29 PM   2022CH11155

FILED DATE: 11/16/2022 12:29 PM    2022CH11155

In this case, Plaintiffs have the exact same interests as the members of the proposed Class. Like the other members of the Class, Plaintiffs were subjected to Defendant's biometric timekeeping technology and Defendant captured, collected, and stored their biometrics. Compl., ¶¶ 1-5. Plaintiffs have also alleged that Defendant did so without complying with BIPA's requirements. *Id.* Plaintiffs' pursuit of this matter against Defendant demonstrates that they will be a zealous advocate for the Class.

Plaintiffs have retained and is represented by qualified and competent counsel who are highly experienced in complex consumer class action litigation. Plaintiffs and their counsel are committed to vigorously prosecuting this class action. Compl., ¶ 27(e). Moreover, Plaintiffs are able to fairly and adequately represent and protect the interests of such a Class. Neither Plaintiffs nor Plaintiff's counsel have any interest adverse to, or in conflict with, the interests of the absent members of the Class. Plaintiffs have asserted viable statutory claims of the type reasonably expected to be raised by members of the Class, and will vigorously pursue those claims. *Id.* Accordingly, the proposed class representative and proposed class counsel will adequately protect the interests of the members of the Classes, thus satisfying Section 2-801(3).

### E.    Class Certification Will Ensure Fair and Efficient Adjudication of the Controversy

The final requirement for class certification under 5/2-801 is met where "the class action is an appropriate method for the fair and efficient adjudication of the controversy." 735 ILCS 5/2-801(4). "In applying this prerequisite, a court considers whether a class action: (1) can best secure the economies of time, effort and expense, and promote uniformity; or (2) accomplish the other ends of equity and justice that class actions seek to obtain." *Gordon,* 224 Ill. App. 3d at 203. In practice, a "holding that the first three prerequisites of section 2-801 are established makes it evident that the fourth requirement is fulfilled." *Gordon,* 224 Ill. App. 3d at 204; *Purcell &*

FILED DATE: 11/16/2022 12:29 PM   2022CH11155

*Wardrope Chtd.,* 175 Ill. App. 3d at 1079 ("The predominance of common issues [may] make a class action . . . a fair and efficient method to resolve the dispute."). Because numerosity, commonality and predominance, and adequacy of representation have been satisfied in the instant case, it is "evident" that the appropriateness requirement is met as well.

Other considerations further support certification in this case. A "controlling factor in many cases is that the class action is the only practical means for class members to receive redress." *Gordon,* 586 N.E.2d at 467; *Eshaghi,* 574 N.E.2d at 766 ("In a large and impersonal society, class actions are often the last barricade of…protection."). A class action is superior to multiple individual actions "where the costs of litigation are high, the likely recovery is limited" and individuals are unlikely to prosecute individual claims absent the cost-sharing efficiencies of a class action. *Maxwell,* 2004 WL 719278, at *6. This is especially true in cases involving data privacy violations and data breaches, which can involve significant injury to the those effected, but result in many small, individual claims. Here, absent a class action, most members of the Class would find the cost of litigating their statutorily-limited claims to be prohibitive, and multiple individual actions would be judicially inefficient. *Id.*

A class action is superior to other methods for the fair and efficient adjudication of this controversy because individual litigation of the claims of all Class members is inefficient and impracticable. Compl., ¶ 25(d)-(e). Even if every member of the Class could afford to pursue individual litigation, the Court system could not. *Id.* It would be unduly burdensome to the courts in which individual litigation of numerous cases would proceed. Individualized litigation would also present the potential for varying, inconsistent or contradictory judgments, and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same factual issues. *Id.* By contrast, the maintenance of this action as a class action, with respect

FILED DATE: 11/16/2022 12:29 PM   2022CH11155

to some or all of the issues presented herein, presents few management difficulties, conserves the resources of the parties and of the court system and protects the rights of each member of the Class. *Id.* Plaintiffs anticipate no difficulty in the management of this action as a class action. Class-wide relief is essential to compliance with BIPA. *Id.* Thus, proceeding as a class action here is an appropriate method to fairly and efficiently adjudicate the controversy.

Certification of the proposed Class is necessary to ensure that Defendant's conduct becomes compliant with BIPA, to ensure that the Class members' privacy rights in their biometrics are sufficiently protected, and to compensate those individuals who have had their statutorily-protected privacy rights violated and who have not been informed as to the status of their own biometric information. Were this case not to proceed on a class-wide basis, it is unlikely that any significant number of Class members would be able to obtain redress, or that Defendant would willingly implement the procedures necessary to comply with the statute. Thus, proceeding as a class action here is an appropriate method to fairly and efficiently adjudicate the controversy.

## IV.    <u>CONCLUSION</u>

For the foregoing reasons, the requirements of 735 ILCS 512-801 have been satisfied. Plaintiffs respectfully request that the Court enter an Order certifying the proposed Class, appointing Plaintiffs as Class Representatives, appointing Beaumont Costales LLC as Class Counsel, and awarding such additional relief as the Court deems reasonable. In the alternative, Plaintiffs respectfully request that this Court defer ruling on this Motion pending the completion of appropriate discovery and supplemental briefing.

FILED DATE: 11/16/2022 12:29 PM   2022CH11155

Dated:  November 16, 2022                    **Respectfully submitted**,

*/s/ William H. Beaumont*

_____

Roberto Luis Costales (#6329085)
William H. Beaumont (#6323256)
BEAUMONT COSTALES LLC
107 W. Van Buren, Suite 209
Chicago, IL 60605
Telephone: (773) 831-8000
rlc@beaumontcostales.com
whb@beaumontcostales.com
*Attorneys for Plaintiff*