UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LUCIA NAJERA, SANDRA RODRIGUEZ, and ANGELICA RAMOS, VIRGINIA GONZALEZ individually and on behalf of other persons similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PLANETART, LLC,<br><br>Defendant. | Case No. 1:22-cv-7106 |

**AMENDED NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. § 1653 and this Court's Order dated December 21, 2022, Defendant PlanetArt, LLC ("PlanetArt"), hereby respectfully submits this Amended Notice of Removal. In support of this Amended Notice of Removal, Defendant states as follows:

**I.     State Court Action**

On November 14, 2022, Plaintiffs Lucia Najera, Sandra Rodriguez, Angelica Ramos, and Virginia Gonzalez ("Plaintiffs") filed a putative class action complaint ("Complaint") against PlanetArt in the Circuit Court of Cook County, Illinois, No. 2022CH11155. (*See* Ex. A, State Court Record.) PlanetArt was served with a copy of the Complaint and Summons on November 16, 2022. (*See* Ex. B, Proof of Service.)

Plaintiffs allege that PlanetArt violated the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1, *et seq.*, by requiring them and other employees to "clock-in and clock-out by scanning their fingerprints into a fingerprint-scanning machine." (Ex. A, Compl. ¶ 3; *id.* ¶¶ 14–16.) They attempt to allege three separate theories under BIPA on behalf of themselves and a putative class of PlanetArt employees and temporary workers. (*Id.* ¶ 29–35.) First, Plaintiffs allege

PlanetArt violated BIPA Section 15(a) by "failing to develop and/or make public its written retention schedule or guidelines for permanently destroying biometric identifiers and biometric information as specified by BIPA." (*Id.* ¶ 31; *id.* ¶¶ 27(b)(v), 39–40.) Second, Plaintiffs allege PlanetArt violated BIPA Section 15(b) by "collecting, capturing, obtaining and storing Plaintiffs' and class members' biometric identifiers and/or information without informing them in writing and obtaining a written release" that their biometric identifiers were "being recorded, obtained, collected or stored" and "the specific purpose and length of term for which their biometric data was being collected, captured, obtained, and/or stored." (*Id.* ¶ 32; *id.* ¶¶ 18–21, 23.) Third, Plaintiffs allege PlanetArt violated BIPA Section 15(e) "by failing to store class members biometric data using the reasonable standard of care within its industry and/or in a manner that is the same as or more protective than the manner in which the private entity stores, transmits, and protects other confidential and sensitive information." (*Id.* ¶ 33; *id.* ¶ 25.) Plaintiffs seek injunctive relief, attorneys' fees and expenses, and statutory damages of $1,000 "for each negligent violation of the Act" or $5,000 "for each willful or reckless violation of the Act," *see* 740 ILCS 14/20. (Ex. A, Compl. Count I Prayer for Relief and Count II Prayer for Relief.) Plaintiff defines the putative class as follows: "All individuals whose biometric data Defendant collected or stored in Illinois." (*Id.* ¶ 26.)[1]

On December 16, 2022, PlanetArt timely removed this putative class action from the Circuit Court of Cook County, Illinois, to the United States District Court for the Northern District of Illinois, Eastern Division. This Court has jurisdiction under the Class Action Fairness Act

---

[1] PlanetArt denies that it violated BIPA for a variety of reasons, denies that BIPA can be separated into claims, and denies that class treatment is warranted or appropriate. Nevertheless, removal is based on the allegations in the lawsuit, not PlanetArt's ultimate response to those allegations. As set forth below, the allegations of this lawsuit satisfy the CAFA jurisdictional threshold.

("CAFA") because the purported class size exceeds 100, minimal diversity exists, and the amount in controversy exceeds $5 million. *See* 28 U.S.C. §§ 1441; 1446; 1332(d); 1453(b). Removal is timely under 28 U.S.C. § 1446(b)(1).

## II. Removal Is Proper Under CAFA.

This Court has jurisdiction under CAFA because the lawsuit is a purported "class action," (*id.* ¶¶ 26–28), in which (A) the putative class size includes at least 100 persons; (B) minimal diversity exists; and (C) the amount in controversy exceeds $5 million. *See* 28 U.S.C. § 1332(d)(1)(B) (defining "class action" to include state law class actions); 1332(d)(2), (d)(5)(B) (listing requirements for removal under CAFA); § 1446 (permitting removal).

### A. The Putative Class Includes More Than 100 Members.

To be removable under CAFA, a purported class action must include at least 100 putative members. 28 U.S.C. § 1332(d)(5)(B). Here, removal is appropriate because Plaintiffs allege there are "hundreds of persons" within the class. (Ex. A, Compl. ¶ 27.)

### B. Minimal Diversity Exists.

For a district court to have "original jurisdiction" under CAFA the parties need only be minimally diverse. Such minimal diversity exists where "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

Since 2019, PlanetArt has had a facility located in Woodridge, Illinois. (Ex. C, Supplemental Declaration of Sharon Chiu ("Chiu Supp. Decl."), ¶ 6.) Plaintiffs claim that they were employed at PlanetArt's Illinois facility and that while they were working at the facility they were subjected to various violations of BIPA. (*See* Ex. A, Compl. ¶¶ 3, 10, 12, 26.) Plaintiffs do not claim to be citizens of any state other than Illinois.

PlanetArt is the only named defendant. PlanetArt is a limited liability company. CAFA explicitly provides that "[f]or purposes of [CAFA], an unincorporated association shall be deemed

3

to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized." 28 U.S.C. § 1332(d)(10). In so providing, "Congress chose to modify existing case law concerning the citizenship of unincorporated associations." *Young v. Integrity Healthcare Communities, LLC*, 513 F. Supp. 3d 1043, 1051 n.2 (S.D. Ill. 2021); *see also Lewis v. loanDepot.com, LLC*, No. 20-c-7820, 2021 WL 5038779, at *2 (N.D. Ill. Oct. 29, 2021) (citing 28 U.S.C. § 1332(d)(10)) ("Under CAFA, an unincorporated association such as a limited liability company is deemed to be a citizen 'of the State where it has its principal place of business and the State under whose laws it is organized.'"). Accordingly, the traditional diversity jurisdiction rule that an "LLC's citizenship is the citizenship of its members for purposes of diversity jurisdiction . . . doesn't apply to jurisdiction under CAFA." *Young*, 513 F. Supp. 3d at 1051 n.2. Thus, for the purposes of CAFA, PlanetArt is a citizen of the state where it is organized and where its principal place of business is located, which are Delaware and California, respectively. (Ex. C, Chiu Suppl. Decl., ¶ 4.) Thus, the parties are minimally diverse.

PlanetArt previously cited the more stringent, non-CAFA standard for diversity jurisdiction in its initial Notice of Removal, and therefore raised citizenship of its members. Although under CAFA's standard, inquiry into citizenship of members is not necessary, in response to this Court's Order dated December 21, 2022 (dkt. 11), PlanetArt further states that its members consist of the following (Ex. C, Chiu Suppl. Decl., ¶ 5):

- Avanquest America Holdings, LLC, a Delaware LLC, whose sole member is Avanquest America Inc., a Delaware corporation with its principal place of business in Calabasas, California. Avanquest America Inc. is owned by Claranova, S.E., a publicly-traded French company.

- Société Commune Européenne de Participations, a Luxembourgian company. All shareholders of Société Commune Européenne de Participations are Luxembourgian citizens.

- The following individuals: Roger Bloxberg and Todd Helfstein, both citizens of California.

4

C. **The Amount in Controversy Exceeds $5,000,000.**

For removal, CAFA requires the amount in controversy to "exceed[] the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2). To determine whether the amount in controversy is met, "the claims of the individual [purported] class members shall be aggregated." *Id.* § 1332(d)(6).

Plaintiffs seek to represent a Class of persons whose biometric data was allegedly collected by PlanetArt in Illinois. (Ex. A, Compl. ¶ 26.) They assert three types of alleged BIPA violations and seek statutory damages up to $5,000 for "each" violation per class member. (*Id.* ¶¶ 30–35 and Prayer for Relief.) In other words, Plaintiffs are seeking damages of at least $15,000 for each putative class member. Using Plaintiffs' damages demand, this action would surpass the $5,000,000 threshold with just 334 putative class members. Since August 1, 2019, at least 340 people used a purported biometric timekeeping system while working for or assigned to PlanetArt's facility in Illinois.[2] (See Ex. C, Chiu Suppl. Decl., ¶ 6.) Accordingly, the Complaint readily satisfies the required amount in controversy. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) ("[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."); *Blomberg v. Serv. Corp. Int'l*, 639 F.3d 761, 764 (7th Cir. 2011) ("Once the proponent of federal jurisdiction has explained plausibly how the stakes exceed $5,000,000 . . . the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much.").[3]

---

[2] The Illinois Supreme Court is deciding whether a five-year or one-year statute of limitations applies to BIPA claims. *See Tims v. Black Horse Carriers, Inc.*, 184 N.E.3d 1029 (Table) (Ill. Jan. 26, 2022) (allowing appeal).

[3] Although the amount in controversy could exceed $5,000,000 for removal purposes, PlanetArt denies liability and denies that Plaintiffs are entitled to any damages or other recovery for these claims. Those issues are not before the Court at this stage.

**III. The procedural requirements for removal have been satisfied.**

The Notice of Removal and this Amended Notice are timely. PlanetArt was served with a copy of the Complaint and Summons on November 16, 2022, (Ex. B, Proof of Service), and files this Notice of Removal on December 16, 2022. *See* 28 U.S.C. § 1446(b) (requiring defendant to file notice of removal within 30 days after receipt of initial pleading). This notice includes all records in the state court action. *See id*. § 1446(a). (Ex. A.) PlanetArt is today serving a Notice of Filing Notice of Removal on all parties and filing the Notice with the Circuit Court of Cook County. *Id*. § 1446(d).

Dated: January 10, 2023

Respectfully submitted,

PLANETART, LLC

By: */s/ Melissa A. Siebert*

Melissa A. Siebert (msiebert@shb.com)
Tara D. Kennedy (tkennedy@shb.com)
SHOOK, HARDY & BACON L.L.P.
111 South Wacker Drive, Suite 4700
Chicago, IL 60606
Tel: (312) 704-7700
Fax: (312) 558-1195

***Attorneys for PlanetArt, LLC***

**CERTIFICATE OF SERVICE**

I, Melissa A. Siebert, an attorney, hereby certify that on **January 10, 2023**, I caused a true and correct copy of the **AMENDED NOTICE OF REMOVAL** to be electronically filed with the Court via the Court's ECF system, which will serve notice of filing on all counsel of record.

                                          */s/ Melissa A. Siebert*
                                            Melissa A. Siebert